## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GEORGE EDWARD WADE, JR.**                                   **CIVIL ACTION**

**VERSUS**                                                                     **NO. 06-4541**

**MARLIN GUSMAN, ET AL.**                                   **SECTION:  "K"(3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, George Edward Wade, Jr., a Kentucky prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Marlin Gusman, Eddie Jordan, Eddie Compass, Warren Riley, Richard Stalder, Charles Foti, C. Ray Nagin, Timothy Wilkerson, and Kathleen Blanco.  In this lawsuit, plaintiff asserts claims regarding his former confinement within the Orleans Parish Prison system.

A <u>Spears</u> hearing was held on October 2, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based

---

[1] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id</u>.

on his complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff alleges that was arrested in New Orleans on a firearms charge, was convicted, and has completed his sentence on that charge.[2]  In his complaint, he states that he was beaten by the arresting officer and was not arraigned within one hundred eighty days.  He alleges that he was confined within the Orleans Parish Prison system at the time Hurricane Katrina struck New Orleans, and he claims that he was made to endure terrible conditions within that prison system before, during, and after the hurricane.  He also claims that he is diabetic and was not given a proper diet or treatment for his medical condition.  At the <u>Spears</u> hearing, he further testified that he had over $1,000.00 in his prison account when he left the Orleans Parish Prison system, and that money has not been returned to him.

After the hurricane, plaintiff was evacuated to the Winn Correctional Center.  Although plaintiff's complaint references conditions at that institution, plaintiff testified at the <u>Spears</u> hearing that he was treated well at the Winn Correctional Center and is asserting no claims concerning his confinement at that facility.

When asked why he named Orleans Parish District Attorney Eddie Jordan as a defendant, plaintiff testified that he did not really know.  Plaintiff indicated that the complaint in this matter was drafted by his uncle.

---

[2] Plaintiff is currently incarcerated in Kentucky on apparently unrelated charges.

Plaintiff testified that he sued Eddie Compass and Warren Riley based solely on their supervisory positions within the New Orleans Police Department. He stated that he had no personal contact with either Compass or Riley.

Plaintiff likewise testified that he had no personal contact with Secretary Richard Stalder of the Louisiana Department of Public Safety and Corrections, Louisiana Attorney General Charles Foti, New Orleans Mayor C. Ray Nagin, or Louisiana Governor Kathleen Blanco. Rather, those individuals were named as defendants in this matter based solely on their positions.

Lastly, plaintiff indicated that Warden Timothy Wilkerson of the Winn Correctional Center should not have been listed as a defendant. He again stated that he was asserting no claims arising from his confinement at that facility.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds many of plaintiff's claims should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff made clear at the <u>Spears</u> hearing that he was bringing this lawsuit based solely on claims arising from his confinement within the Orleans Parish Prison system.  Accordingly, it is clear that all of the defendants except for Sheriff Marlin Gusman should be dismissed for the following reasons.[5]

First, in Louisiana, the responsibility for parish prisons is divided between the local governing authority and the sheriff.  Put simply, the governing authority is responsible for financing and maintaining the prison, La.Rev.Stat.Ann. §§ 15:304,[6] 15:702,[7] and 33:4715;[8] however, the sheriff is responsible for the day-to-day operation of the prison, La.Rev.Stat.Ann. §§ 15:704[9] and 33:1435.[10]  The division of responsibilities between the City of New Orleans and the Orleans Parish

---

[5] The Court notes that plaintiff's claim against Gusman may also ultimately be untenable if he is being sued based only on his supervisory position.  However, at this point, the undersigned is not recommending dismissal of the claim against Gusman, so that the claim can be further developed or, if necessary, the complaint amended to name those individuals personally involved in the alleged rights violations.

[6] La.Rev.Stat.Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by ... confinement ...of persons accused or convicted of crimes ... shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[7] La.Rev.Stat.Ann § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[8] La.Rev.Stat.Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide ... a good and sufficient jail ...."

[9] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

[10] La.Rev.Stat.Ann. § 33:1435(A) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

Criminal Sheriff was concisely set forth in <u>Broussard v. Foti</u>, Civil Action No. 00-2318, 2001 WL

258055 (E.D. La. Mar. 14, 2001):

> In Louisiana, sheriffs are the final policy makers with respect to the management of jails. <u>See</u> <u>Jones v. St. Tammany Parish Jail</u>, 4 F.Supp.2d 606, 613 (E.D.La. May 8, 1998). Under Louisiana law, the authority of the Orleans Parish Criminal Sheriff is derived from the state Constitution, not from the City of New Orleans. <u>See</u> La. Const. art. 5 § 27. The sheriff's office, not the City, controls the inmates of the jail, the employees of the jail, and the daily management and operation of the jail. <u>See</u> La. R.S. § 33:1435; 15:704; <u>O'Quinn v. Manuel</u>, 773 F.2d 605, 609 (<u>quoting</u> <u>Amiss v. Dumas</u>, 411 So.2d 1137, 1141 (La.App. 1st Cir.), <u>writ denied</u>, 415 So.2d 940 (La.1982)).
>
> Under the statutory framework, the responsibility of the City of New Orleans' is to finance and physically maintain the jail. <u>See</u> <u>Griffin v. Foti</u>, 523 So.2d 935, 937 (La.App. 4th Cir.1988); <u>see also</u> <u>O'Quinn</u>, 773 F.2d at 609. In Louisiana, the legislative scheme dictates that the City of New Orleans bears the obligation of satisfying the expenses of housing prisoners, while the sheriff has the duty of operating the facility. <u>See</u> <u>Amiss</u>, 411 So.2d at 1141. The City has no authority over the operations of the jail or the management of the sheriff's employees. <u>See</u> <u>Jones</u>, 4 F.Supp.2d at 613; <u>O'Quinn</u>, 773 F.2d at 609 (administration of the jail is province of sheriff). In other words, the City's financial obligations do not constitute authority to control how the sheriff fulfills his duties. <u>See</u> <u>O'Quinn</u>, 773 F.2d at 613 (<u>citing</u> <u>Jenkins v. Jefferson Parish Sheriff's Office</u>, 402 So.2d 669, 670 (La.1981)). Thus, the City's responsibilities are limited to funding and maintaining the jail. <u>See</u> La. R.S. § 15:702.

<u>Broussard</u>, 2001 WL 258055, at *2. Because Eddie Jordan, Eddie Compass, Warren Riley, Richard

Stalder, Charles Foti, C. Ray Nagin, Timothy Wilkerson, and Kathleen Blanco had no authority over

the operations or employees of the Orleans Parish Prison system, they cannot be held legally

responsible for the conditions within the prison system or the actions or inactions of prison

personnel in the aftermath of Hurricane Katrina. Accordingly, the claims against those defendants

should be dismissed.

Second, even if that were not the case, "[p]laintiffs suing governmental officials in their

individual capacities ... must allege specific conduct giving rise to a constitutional violation. This

standard requires more than conclusory assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  In this case, plaintiff has made no allegations whatsoever of the personal involvement of Jordan, Compass, Riley, Stalder, Foti, Nagin, Wilkerson, and Blanco; in fact, he concedes that he has had no contact with any of those individuals.  Rather, he testified that they were sued based solely on the positions they held.  However, under 42 U.S.C. § 1983, an official cannot be liable under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Third, as to District Attorney Eddie Jordan, even if plaintiff were asserting a claim relating to his prosecution, which he disclaims, and even if Jordan were in any way personally involved in that prosecution, which is unlikely, he is nevertheless protected by absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

Fourth, as noted, plaintiff indicated at the Spears hearing that Warden Timothy Wilkerson of the Winn Correctional Center should not have been listed as a defendant, in that plaintiff is asserting no claims arising from his confinement at that facility.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Eddie Jordan, Eddie Compass, Warren Riley, Richard Stalder, Charles Foti, C. Ray Nagin, Timothy Wilkerson, and Kathleen Blanco be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____16th_____ day of October, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

8