UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEORGE EDWARD WADE, JR.**         **CIVIL ACTION**

**VERSUS**                          **NO. 06-4541**

**MARLIN GUSMAN, ET AL.**           **SECTION: "K"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, George Edward Wade, Jr., filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Marlin Gusman, Eddie Jordan, Eddie Compass, Warren Riley, Richard Stalder, Charles Foti, C. Ray Nagin, Timothy Wilkerson, and Kathleen Blanco. In this lawsuit, plaintiff asserted claims regarding his former confinement within the Orleans Parish Prison system.

A Spears hearing was held on October 2, 2006. Based on plaintiff's complaint and his testimony at that hearing, the undersigned issued a report recommending that all of plaintiff's claims be dismissed except for his claims against defendant Gusman.[1] That recommendation was adopted by the United States District Judge on January 8, 2007.[2]

Subsequently, the undersigned issued an ordering directing that Gusman be served.[3] Once Gusman filed an answer,[4] the undersigned scheduled a preliminary conference in this matter for

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 7.

[3] Rec. Doc. 8.

[4] Rec. Doc. 11.

March 26, 2007, and ordered that the warden of the Louisville Metro Corrections Department, plaintiff's address of record, make plaintiff available for that conference.[5] When a jail official then notified the Court that plaintiff was no longer in the custody of that department, the undersigned issued an order canceling the conference and directing plaintiff to file a change of address with this Court on or before April 26, 2007.[6] No such change of address was filed.

The complaint signed by plaintiff included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[7] Despite that declaration, plaintiff has failed to meet his obligation to inform the Court of his current address. As a result, his current whereabouts are unknown, and it is now appropriate to dismiss the claims against the remaining defendant for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary

---

[5] Rec. Doc. 12.

[6] Rec. Doc. 13.

[7] Rec. Doc. 1, p. 8.

to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has failed to provide this Court with his current address despite his written acknowledgment of the fact that his failure to do so could result in dismissal of his lawsuit.  Due solely to plaintiff's failure, this Court has no way to contact him, to reschedule the preliminary conference, or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Marlin Gusman be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twenty-seventh day of April, 2007.

                                            **DANIEL E. KNOWLES, III**
                                            **UNITED STATES MAGISTRATE JUDGE**